UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Christian Andres Garcia-Lopez (A-Number: A-220-591-246),

Petitioner,

v.

Warden of the Central Valley Annex, et al.,

Respondents.

No. 1:26-cv-07399-KES-FJS (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Doc. 1

Petitioner Christian Andres Garcia-Lopez is an immigration detainee proceeding pro se with a petition for writ of habeas corpus. Docs. 1. The Court has previously addressed the legal issues raised by the petition—that, when a noncitizen has previously been released pursuant to 8 U.S.C. § 1226(a) and is subsequently re-detained pending removal proceedings, the Due Process Clause requires a bond hearing where the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025). The Court ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 5.

Respondents maintain that petitioner was detained pursuant to 8 U.S.C. § 1225(b)(2)(A) and that that statute governs petitioner's detention. Doc. 6 at 1 & n.1. But respondents acknowledge that the Ninth Circuit rejected their statutory argument in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), and found that § 1226(a) applies to individuals in petitioner's circumstances. *See* Doc. 6.

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to provide petitioner Christian Andres Garcia-Lopez (A-Number: A-220-591-246) with a bond hearing before a neutral decisionmaker within seven (7) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' written notice before the bond hearing in a language that he can understand. At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence. Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' written notice before the bond hearing. The neutral decisionmaker must consider petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond. If respondents do not provide petitioner with a bond hearing within seven days, then respondents must release him.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve Central Valley Annex with a copy of this Order.

IT IS SO ORDERED.

Dated: October 5, 2026

UNITED STATES DISTRICT JUDGE